IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-41393 |
| | ) | |
| DENNIS LEE LAND and | ) | |
| RITA RAE LAND, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 9, 14 |

ORDER

Hearing was held in Lincoln, Nebraska on July 13, 2005, regarding Filing No. 9, Chapter 13 Plan, filed by the debtors, and Filing No. 14, Objection to Confirmation of Plan, filed by Exchange Bank. Bert Blackwell appeared for the debtors and Michael Snyder appeared for Exchange Bank.

The debtors are individuals who own all of the stock in a corporation. The corporation was formed in the year 2000 and was dissolved under Nebraska law for non-payment of biennial fees on April 16, 2004 (Filing No. 64). The certificate from the Secretary of State provides, on its face, that, "In accordance with Nebraska Revised Statutes § 21-323(3)(b), a corporation automatically dissolved continues its corporate existence but may not carry on any business, except that business necessary to wind up and liquidate its business and affairs under section 21-20,155 and notify claimants under sections 21-20,156 and 21-20,157."

The debtors are officers and directors of the corporation and Mr. Land has been an employee of the corporation since the beginning.

The debtors, as individuals, filed the joint Chapter 13 petition in April 2005. On the date of the petition, the assets of the corporation owned by the debtors had not been liquidated, distributed by the corporation, or transferred from the corporation.

On the petition date, the corporation continued to do business, although apparently barred from doing so under Nebraska statutes.

On the petition date, the corporation maintained a checking account, had receivables which were thereafter collected, and had debts outstanding.

The debtors filed schedules in which they claimed to be the owners of the assets of the corporation. Those assets are encumbered and Exchange Bank, the creditor with a security interest in most of the assets of the business, has filed an objection to confirmation of the Chapter 13 plan filed by the debtors. That plan purports to permit the debtors to use the assets of the corporation as if such assets were actually owned by the debtors.

The schedules filed by the debtors, and eventually amended, not only include the corporate assets as owned by the individuals, but list Mr. Land's employment as "self-employed" for the past four years. This statement is a blatant falsity. Mr. Land has been employed by the corporation since its inception.

Nothing in Nebraska law allows the shareholders of a corporation to transfer the assets of a corporation to themselves in lieu of compliance with the statutory requirements with regard to dissolution of a corporation and distribution of its assets. Giving the benefit of the doubt to the debtors, apparently the debtors and their bankruptcy counsel believed that the corporate assets had been properly distributed to the debtors prior to the bankruptcy petition being filed. However, they were incorrect in such a belief and were informed of the incorrectness by the various exhibits that were admitted at the hearing.

After the hearing on the objection to confirmation, the debtors, through counsel, prepared and executed a bill of sale by which they purported to transfer the assets of the corporation to themselves so that those assets could be used with regard to the Chapter 13 plan.

Once again, the debtors have no authority under Nebraska law to transfer the assets, especially post-petition. The only reason for the transfer of the assets from a corporation which is still in existence to individual debtors in a Chapter 13 case is to bring the assets within the protection of the automatic stay that was created upon the filing of the Chapter 13 petition of the individual debtors. The debtors' actions in this regard are not in good faith.

The debtors were made aware that the corporation was still in existence. The debtors were made aware of the statutory requirements for dissolution of a corporation and winding-up of its business affairs. The debtors continued to permit the corporation to do business, even after it was dissolved pursuant to Nebraska law. The debtors then intentionally acted to delay a creditor of the corporation, Exchange Bank, from foreclosing upon its collateral by purporting to bring the assets into the bankruptcy estate and obtain the benefit of the automatic stay.

For the above reasons, plus the false statement concerning the employment of Mr. Land referred to above, I find that the plan is filed in bad faith and shall not be confirmed. The objection to confirmation is granted.

SO ORDERED.

DATED this 15th day of August, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
 Bert Blackwell
 *Michael Snyder
 Kathleen Laughlin
 U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.

-2-